IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MARGARET JEAN SMITH,

    **Plaintiff,**

vs.                                              CIVIL ACTION NO. 5:21-CV-00677

UNITED STATES AMERICA, *ET AL*.,

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1)[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the 'amended' Complaint[2] (ECF No. 5), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[3]

### Plaintiff's Allegations

In her amended complaint, Plaintiff names the following Defendants: (1) "FBI Field Office, Title Government Agency, 200 George Street, Beckley, West Virginia"; (2) "Beckley WV

---

[1] Although Plaintiff indicates she has $70,800 in cash, savings, or checking account, given the allegations contained in her Complaint and Amended Complaint, the pre-screening requirements under 28 U.S.C. § 1915(e)(2)(B)(ii) did not warrant an order that this Plaintiff should submit the appropriate filing fees.

[2] On December 29, 2021, Plaintiff filed her initial Complaint (ECF No. 2), however, after review of same, on January 3, 2022, the undersigned issued an order directing Plaintiff to amend her Complaint no later than February 3, 2022, since she failed to state sufficient facts supporting a claim for relief. (ECF No. 4) On January 26, 2022, Plaintiff filed an amended Complaint. (ECF No. 5)

[3] Because Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

FBI Office, Title Government Agency, 110 North Heber Street, Beckley, West Virginia"; (3) "FBI Field Offices Title Government Agency, 10 Hale Street, Charleston, West Virginia"; (4) "FBI Field Office, Title Government Agency, 113 Virginia Street East, Charleston, West Virginia"; (5) "FBI Clarksburg Field Office, 320 West Pike Street, Clarksburg, West Virginia, Title Government Agency"; (6) "US Beckley Court House, 110 North Heber Street, Beckley, Raleigh County, West Virginia"; and (7) "US Charleston Court House, 300 Virginia Street, East #2400, Charleston, Kanawha County".[4]

Plaintiff indicates the basis for federal court jurisdiction is based upon a federal question, specifically: "Civil Rights Act of 1871 – federal statute 42 U.S.C. § 1983"; "4th Amendment – to be secure in there [*sic*] persons, home, papers & effects against search & seizures by government"; and "Article 1, Section 8 Clause 8 – inventors the exclusive rights to their discoveries." Plaintiff alleges a conspiracy and violations of her civil rights involving the FBI that has been ongoing since 1992 through January 2022. (ECF No. 5, 7) Plaintiff indicates that the FBI had been listening in on her phone conversations, installed listening devices in her home, put a tracking device on her car and had "placed listening devices on my body without my knowledge." (Id. at 7) She asserts that in 1993, an FBI agent stole from her Beckley home a design for the flat screen TV, and "told my mom that they took my TV design from my home in 2011" and "made a thousand patents off of my ideas." (Id.) Plaintiff then alleges the FBI agent "threaten a lawyer in Staunton, Va. in 2013 Tripp Franklin. If he tryed [*sic*] to file a lawsuit for me and could not prove his case, they would take his law license." (Id.) Plaintiff then indicates that she "was kept from getting any compensation during the investigation from a conspiracy against me" by FBI in Beckley, Charleston, and Bridgeport West Virginia that had started in 1999. (Id.) (emphasis in original)

---

[4] While Plaintiff styles her complaint(s) as against the "United States America" as a named Defendant, there is no indication throughout her allegations as to how this particular Defendant is involved or implicated in her complaint(s).

Plaintiff also alleges that the FBI in Beckley "gave money away to Danese Collins, my aunt from Delaware in a lawsuit that was being held for me in 2013 so I would not get any compensation." (Id. at 8)

Plaintiff further indicates that in 1995, her mother made her write a letter to "Greg Prudett from Princeton, a lawyer to have him return money his firm was holding for me that no one told me about." (Id.) She indicates that the FBI in Charleston, West Virginia "then gave the money to my mom. Which she kept. Mary Elizabeth Elliott." (Id.) Plaintiff states that "[b]ecause of this FBI investigation, in 1995 I had to file for bankruptcy." (Id.)

Plaintiff lists several grievances: "my privacy was destroyed, I had no privacy" ostensibly from 1992-2021 when she "was tracked" "listen[ed] to or watched by FBI"; "my civil rights were violated by FBI to be able to get a lawyer 2013"; "my HIPPA laws were violated by FBI"; "my civil action order was put on google web site 1-24-2022 . . . "for all to see." (Id. at 8-9)

Plaintiff asks for "15 million dollars" in punitive damages because "my civil right were [sic] violated that kept me from getting a lawyer and a conspiracy against me in a malice and egregious way to prevent me from any compensation from government investigati8on by many individuals in FBI from 1999 til 2021." (Id. at 10)

Plaintiff also provides a list of dentists, including their names, addresses and phone numbers in West Virginia and Virginia "I had to see to have medal [sic] hearing devices taken out of my mouth and ear and the infection I suffered from" and alleges this occurred on February 23, 2010 and February 9, 2011 through March 2011. (Id. at 11)

## The Standard of Review

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, her 'amended' Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915.

3

See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

## Discussion

As noted *supra*, in keeping with his practice to offer a *pro se* plaintiff an opportunity to file an amended complaint when an initial complaint fails to state any cognizable claim for relief, the

undersigned directed Plaintiff to file an amended complaint and she has taken advantage of that opportunity. However, Plaintiff has submitted similar allegations set forth in her initial complaint that are so detached from reality that there is no conceivable way that she will be able to cure the amended complaint's deficiencies even if permitted another chance to do so. Moreover, despite having been given a chance to amend her Complaint, Plaintiff nevertheless failed to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
>   (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
>   (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>   (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's Complaint, and its amendment, are not in compliance with Rule 8(a) for failing to allege sufficient facts and circumstances showing that she is entitled to relief. Liberally construing Plaintiff's Complaint and its amendment, the undersigned believes she is suing FBI offices within this District ostensibly for stealing her flat screen T.V. design from her home and patenting the same for their own use. Plaintiff has other allegations against these "government agencies" that appear to involve some money that her mother and/or aunt had taken from her, but it is unclear how they are related to the patent infringement scheme/conspiracy or how the FBI interfered with her ability to obtain a lawyer. Finally, it appears that Plaintiff has alleged the FBI planted listening devices in her teeth and ear to track her whereabouts without her knowledge or consent, thus violating her "HIPPA" and Fourth Amendment rights.

To be sure, Plaintiff only provides "naked assertion[s]" for these fantastic claims which are verboten pursuant to the jurisprudence espoused under <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570.

In short, from the undersigned's review, Plaintiff's allegations are "disconnected, rambling, and largely incoherent." See Kraim v. Virginia, No. 3:21-cv-00326, 2021 WL 3612305, at*2 (S.D.W. Va. Jul. 26, 2021) (Eifert, M.J.) (quoting Von Fox v. U.S. State Department, No. 2:16-cv-185-RMG-MGB, 2016 WL 11409536, at *4 (D.S.C. Feb. 16, 2016) ("The Complaint's allegations are, at best, difficult to follow. The Complaint's allegations are disconnected and nonsensical and appear to be the ramblings of a troubled mind."). Since Plaintiff's complaint(s) lack any basis in fact and law, the undersigned finds and concludes that this matter should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), **DISMISS** Plaintiff's Complaint and its amendment (ECF Nos. 2, 5) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of

objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: February 7, 2022.



Omar J. Aboulhosn
United States Magistrate Judge