UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MARGARET JEAN SMITH,

    Plaintiff,

v.                                                   CIVIL ACTION NO. 5:21-cv-00677

UNITED STATES OF AMERICA;
FBI FIELD OFFICE, *200 George Street, Beckley, WV 25801*; FBI FIELD OFFICE, *110 North Heber St., Beckley, WV 25801*; FBI FIELD OFFICE, *10 Hale St., Charleston WV*; FBI FIELD OFFICE, *113 Virginia St. East, Charleston, WV 25301*; FBI Clarksburg; US BECKLEY COURTHOUSE; and US CHARLESTON COURTHOUSE,

    Respondents.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Margaret Jean Smith's Application to Proceed Without Prepayment of Fees and Costs [Doc. 1] and Letter-Form Motion for Court Appointed Attorney [Doc. 9].

### I.

On December 29, 2021, Ms. Smith filed an application to proceed without prepayment of fees and costs. [Doc. 1]. In her Amended Complaint, Ms. Smith alleges a conspiracy between the above-named Defendants in violation of "the Civil Rights Act of 1871 – federal statute 42 U.S.C. § 1983, [the] 4th Amendment . . . [and] Article I, Section 8 Clause 8" of the Constitution. [Doc. 5 at 3]. Ms. Smith also claims a violation of 18 U.S.C. § 241. [*Id.* at 7].

The alleged conspiracy spanned over 30 years from 1992 through 2022. Ms. Smith claims the named defendants "listened to phone conversation, listening deviced [sic] in [her] home and tracking [her] car location and placed listening devices on [her] body without [her] knowledge." [Doc. 5 at 7]. Ms. Smith also alleges that FBI agents stole the flat screen T.V. design from her home and made a thousand patents off her ideas. [*Id.*] Ms. Smith further indicates that as a result of this conspiracy, she had no compensation, lost her privacy, had her "HIPPA" laws violated, and was unable to get a lawyer due to threats. [*Id.* at 7–8]. The named defendants allegedly gave Ms. Smith's money from a lawsuit to her aunt from Delaware -- Danese Collins. [*Id.* at 8]. Ms. Smith is seeking punitive damages in the amount of $15 million for "a malice and egregious" conspiracy and an additional $3,000 for "medal [sic] hearing devices taken out of [her] mouth and ear and the infections [she] suffered from." [Doc. 5 at 10–11].

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on February 7, 2022. [Doc. 6]. Magistrate Judge Aboulhosn recommended that the Court deny the Application to Proceed Without Prepayment of Fees and Costs [Doc. 1], dismiss Plaintiff's Complaint, and remove this matter from the Court's docket. Ms. Smith timely objected to the PF&R on February 23, 2022. [Doc. 8]. Ms. Smith also filed a motion requesting appointment of counsel [Doc. 9], and a letter with additional objections on June 21, 2022, [Doc. 11]. This Court took such additional objections into consideration.

II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objection constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989).

### III.

Ms. Smith has numbered her objections one through eleven. For purposes of analyzing her objections, Ms. Smith's numbering will be retained.

### A.     *Objections One, Two, Three, Six, Nine, and Eleven*

Ms. Smith objects to Magistrate Judge Aboulhosn's finding that her claim is meritless and frivolous. In objection one, Ms. Smith objects to the finding that her theory is not connected to a claim upon which relief can be granted and posits that her "statement of events should have be [*sic*] left for the trial aspect." [Doc. 8 at 2]. Objection three again opposes the finding that her allegations were meritless and states that the information related to her aunt "was information for the trial aspect and not my Civil Complaint." [*Id.* at 3]. In objection six, Ms. Smith generally objects to the entire PF&R and clarifies that her lawsuit is only for her civil rights

3

violations, and she never believed she was suing the FBI for anything else. [*Id.* at 4]. She further states, "I feel that my civil rights violation is a plausible cause." [*Id.*]

Objections two, nine, and eleven clarify the statement of facts as a basis for Ms. Smith's argument that her claims have merit. In objection two, Ms. Smith makes clear that her complaint is based on 18 U.S.C. § 241, conspiracy against rights, and 18 U.S.C. § 242, deprivation of rights under color of law. [*Id.* at 2]. In objection nine, Ms. Smith states that she has billing to prove that she has listening devices in her teeth. [*Id.* at 5]. In objection eleven, Ms. Smith specifies that her patent infringement took place in 1993 in violation of "Republic Act No. 8293 of the Intellectual Property" as proof that her claim is plausible. [*Id.*]

Courts shall dismiss an *in forma pauperis* complaint "if the court determines that the action or appeal is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 324, 325 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* "A court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' . . . 'fantastic,' . . . or 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citing *Neitzke*, 490 U.S. at 1831, 1833). Furthermore, in an *in forma pauperis* complaint, "judges not only [have] the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

*Pro se* plaintiffs should be given reasonable opportunity to develop pleadings. *See Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). *Federal Rule of Civil Procedure* 8 governs

the pleading standard and provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Complaints may be dismissed when, "even when construing the complaint liberally, there simply is no discernible legal claim for which the defendants may be held liable." *Kraim v. Virginia*, 3:21-cv-00326, 2021 WL 35112305, at *2 (S.D. W. Va. July 26, 2021) (finding the allegations were "disconnected, rambling, and largely incoherent") (internal citations omitted).

First, as this Court may pierce the veil of the complaint's factual allegations in an *in forma pauperis* proceeding, the Court may consider any facts alleged in the pleadings. *See Neitzke*, 490 U.S. at 327. Thus, there is no requirement that Ms. Smith's statement of events or allegations against her aunt -- which she argues helps to clarify the factual basis for the complaint -- need to be left for the "trial aspect."

Despite Ms. Smith amendment to her complaint, and even with the new facts alleged in her objections, the allegations are largely incoherent and clearly baseless. It is not enough for Ms. Smith to state that she believes her "civil rights violation is a plausible cause" without any further supporting facts of a violation for which relief may be granted. There are no facts showing that Ms. Smith invented the flat screen TV, that the FBI raided her home, or that there was an ongoing 30-year conspiracy. Likewise, Ms. Smith does not allege any facts as to which 1,000 patents the FBI ostensibly has from her ideas. She pleads no facts for how the FBI violated her "HIPPA" rights or allegedly made her medical records public. A supposed prescription for medication in the 1990's is not evidence that the FBI harassed or surveilled her.

Furthermore, Ms. Smith cites Republic Act No. 8293 as the basis for her patent infringement claim, which is not a United States law but rather from the Republic of the Philippines.

Although *pro se* plaintiffs are given considerable deference, even if Ms. Smith remedied these deficiencies, the claim would still be so detached from reality that no relief could possibly be granted. These claims include fanciful factual allegations and inarguable legal conclusions. Thus, as this is a meritless Amended Complaint, the Court **OVERRULES** objections one, two, three, six, nine, and eleven.

### B. *Objections Eight and Ten*

Ms. Smith objects twice to the fact that she was not granted an extension to file her objections to the PF&R. Ms. Smith argues that not receiving an extension was an unfair disadvantage and an unfair claim. [Doc. 8 at 5]. Parties are given fourteen days to file written objections to respond to proposed findings and recommendations. 28 U.S.C. § 636(b)(1). A judge must then make a de novo determination to the portions of the report to which an objection is made. *Id.* This rule does not require a judge to grant extensions upon request. *See id.*

Ms. Smith asked for an extension of time on filing objections on February 15, 2022. However, she still filed her objections on February 23, 2022 -- which was within the fourteen-day objection period -- indicating that an extension was unnecessary. Furthermore, Ms. Smith sent a letter to this Court on June 21, 2022, asserting new facts regarding the basis of her complaint and her resulting damages. [Doc. 11]. Ms. Smith alleged that she still "may have between 1-3 hearing device [*sic*] in [her] tooth fillings from 1990's." [*Id.* at 1]. Additionally, she claims that her medical records were made public to prevent her from filing charges in a separate case. [*Id.* at 2]. Furthermore, Ms. Smith claims that in the 1990's, a doctor prescribed her medication "because of

the FBI harassment cause me to be suspicious of everyone [sic]." [*Id.* at 4]. Ms. Smith did not include these facts in either her original or amendment complaint.

Despite sending this letter almost four months after objections to the PF&R were due, the Court still considered these new factual allegations in its de novo review of her claim. Accordingly, the Court **OVERRULES** objections eight and ten.

C.   *Objections Five and Seven*

Objections five and seven regard Ms. Smith's inability to obtain legal counsel. First, Ms. Smith states, "I was unable to get any legal help due to the nature of this civil suit. My right to obtain a lawyer were depraved from me [sic]" in violation of 42 U.S.C. § 1983. [Doc. 8 at 3]. Later, she objects because "the FBI interfered with my ability to get a lawyer in Virginia by tell the lawyer [sic] that the FBI would take his law license away." [*Id.* at 4].

During an *in forma pauperis* proceeding, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "A court need not appoint counsel in a § 1983 action unless the case presents complex issues or exceptional circumstances." *Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001); *see also Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975) (explaining that "in civil actions the appointment of counsel should be allowed only in exceptional cases"). "[T]he Court must first consider whether the § 1983 Plaintiff has a colorable claim . . . ." *U.S. v. $27,000.00, More or Less in U.S. Currency*, 865 F. Supp. 339, 340 (S.D. W. Va. 1994).

Ms. Smith did not request a court appointed attorney until March 21, 2022 -- two months after the filing of her amended complaint and over a month after filing her objections. [Doc. 9]. Even if she had requested counsel at an earlier date, this Court finds that Ms. Smith does not present a colorable claim that warrants appointment of counsel. There is no plausible basis for

Ms. Smith's contention that the FBI has endeavored on a multi-decade conspiracy against her that included implanting listening devices in her tooth fillings and stealing patents. Because Ms. Smith's allegations cannot be reasonably asserted and are unlikely to be proven in court, she does not have a colorable claim that would entitle her to relief. Accordingly, as a *pro se* litigant, she would not have been entitled to have counsel appointed to her in this matter. Ms. Smith was free to retain counsel on a contingency basis -- and she attempted to do so -- but ultimately chose to proceed in filing this suit without obtaining counsel. Thus, the Court **OVERRULES** objections five and seven.

### D. Objection Four

Finally, Ms. Smith "object[s] to the allegations to [her] state of mind" as unfair. [Doc. 8 at 3]. However, in the PF&R, Magistrate Judge Aboulhosn did not make any allegations as to Ms. Smith's state of mind. Thus, the court **OVERRULES** objection four.

### IV.

For the reasons discussed above, the Court **OVERRULES** Ms. Smith's objections [**Docs. 8, 11**], **ADOPTS** the PF&R [**Doc. 6**], **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs [**Doc. 1**], **DENIES** Plaintiff's Letter-Form Motion for Court Appointed Attorney [**Doc. 9**], and **DISMISSES** Plaintiff's Amended Complaint [**Doc. 5**].

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: July 14, 2022



Frank W. Volk
United States District Judge