UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MARGARET JEAN SMITH,

    Plaintiff,

v.                                                                                          CIVIL ACTION NO. 5:21-cv-00677

UNITED STATES OF AMERICA;
FBI FIELD OFFICE, *200 George Street,
Beckley, WV 25801*; FBI FIELD OFFICE,
*110 North Heber St., Beckley, WV 25801*;
FBI FIELD OFFICE, *10 Hale St., Charleston
WV*; FBI FIELD OFFICE, *113 Virginia St.
East, Charleston, WV 25301*; FBI Clarksburg;
US BECKLEY COURTHOUSE; and
US CHARLESTON COURTHOUSE,

    Respondents.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Margaret Jean Smith's Motion to Vacate Dismissal Under Rule 60(b) and Reinstate Civil Case [ECF 17], filed December 14, 2022.

### I.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). On February 7, 2022, Magistrate Judge Aboulhosn filed his PF&R, recommending that the Court deny Ms. Smith's Application to Proceed Without Prepayment of Fees and Costs, dismiss Ms. Smith's Complaint, and remove this matter from the docket. Ms. Smith timely objected to the PF&R on February 23, 2022, and submitted additional objections on June 21, 2022.

On July 14, 2022, after a thorough review and analysis of Ms. Smith's objections, the Court entered a Memorandum Opinion and Order overruling the same. [ECF 12]. The Court thus denied her Motion to Proceed Without Prepayment of Fees and Costs and dismissed her Amended Complaint. [*Id.*]

In the instant motion, Ms. Smith seeks vacatur of the Court's July 14, 2022, Judgment Order and requests her civil action be reinstated. [ECF 17 at 1]. She further moves to amend her previously dismissed Amended Complaint. [*Id.* at 2]. Ms. Smith avers she never received a copy of the Court's July 14, 2022, Memorandum Opinion and accompanying Judgment Order[1] and thus missed her deadline to appeal, which, she contends, constitutes "excusable neglect" and grounds for vacatur. [*Id.* at 6]. Ms. Smith appears to have filed a Proposed Amended Complaint along with her motion. [*See* ECF 18]. The Court notes the allegations therein build upon those that appeared in her dismissed Amended Complaint in this action and are nearly identical to those alleged in another of her cases currently pending before the undersigned. *See Smith v. Government, FBI Agents and Employees, et al.*, No. 5:22-cv-00310 (S.D.W. Va). Indeed, Ms. Smith alleges in her Proposed Amended Complaint a "hate crime conspiracy" from 1993 through 2022 between her mother's family and FBI agents, which kept her "from recovering any money from the organized crime investigation." [*Id.* at 8, 11]. She further alleges FBI agents committed a HIPPA violation by getting "ahold of [her] medical records from CAMC in a hacking" and prevented her from obtaining a lawyer. [*Id.* at 4, 9].

---

[1] There is no indication from the docket sheet that these orders were not mailed or returned as undeliverable.

## II.

*Federal Rule of Civil Procedure* 60(b) permits "a district court to grant relief from a final judgment for five enumerated reasons or 'any other reason that justifies relief.'" *Aikens v. Ingram*, 652 F.3d 469, 500 (4th Cir. 2011) (internal citations omitted). One of the five enumerated reasons warranting relief under Rule 60(b) is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Our Court of Appeals has held, however, that relief under Rule 60(b) is improper "when the sole reason asserted for that relief is failure of a litigant to receive notice of the entry of an order or judgment." *Hensley v. Chesapeake & O. Ry. Co.*, 651 F.2d 226, 229 (4th Cir. 1981) (explaining "Rule 77(d) bars Rule 60(b) relief" under such circumstances); *see also Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994) (concluding in the Rule 60(b) context that failure to receive notice of final judgment did not warrant relief, absent evidence that the official docket failed to reflect entry of final judgment).

The only grounds upon which Ms. Smith bases her Rule 60(b) motion is "excusable neglect" due to her purported failure to receive notice of the Court's July 14, 2022, final judgment. As explained, however, such contention fails to warrant relief under Rule 60(b). Furthermore, to the extent Ms. Smith seeks to amend her dismissed Amended Complaint, the same is likewise unwarranted inasmuch as it is well established that a district court may not grant a post-judgment motion to amend "unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (internal citations omitted). Inasmuch as Ms. Smith's proffered excuse does not justify vacatur, her motion to amend must be denied. Nonetheless, it appears Ms. Smith is currently pursuing nearly identical claims before the undersigned in Civil Action Number 5:22-cv-00310, which will eventually be addressed on the merits therein.

## III.

Accordingly, Ms. Smith's Motion to Vacate Dismissal Under Rule 60(b) and Reinstate Civil Case [**ECF 17**] is **DENIED**.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented parties.

ENTER: May 4, 2023



Frank W. Volk
United States District Judge

4